UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================X

JILL TELLEZ,

                Plaintiff,

- against -

CONTINENTAL CASUALTY COMPANY,

                Defendant.
===============================X

Case No. 06-CV-15440 (SAS)(THK)
ECF CASE

**COMPLAINT**

Plaintiff Demands
A Trial By Jury

Plaintiff Jill Tellez, by her attorneys, Pedowitz & Meister, LLP, complaining of defendant Continental Casualty Company, alleges:

**NATURE OF ACTION**

1. This action is brought to remedy claims of sex, retaliation, and pay discrimination, in violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981A ("Title VII"); The Fair Labor Standard Act of 1938, 52 Stat. 1060, 29 U.S.C. §201 et seq., as amended by the Equal Pay Act, 77 Stat. 56, 29 U.S.C. §206(d) (the "Equal Pay Act"); and the Administrative Code of the City of New York Secs. 8-101 et seq. (the "Administrative Code" or the "City law").

2. Plaintiff seeks injunctive and declaratory relief, compensatory, punitive damages, and other appropriate relief pursuant to federal and City law.

## JURISDICTION AND VENUE

3. Plaintiff filed a timely charge of discrimination against defendant Continental Casualty Company with the Equal Employment Opportunity Commission ("EEOC") on or about July, 2005 complaining of the acts of sex, retaliation, and pay discrimination alleged herein.

4. On or about September 27, 2006 the EEOC mailed Plaintiff a notice finding reasonable cause and informing her of her right to sue defendant in federal court. Plaintiff received the notice after September 27, 2006. This action has been commenced within 90 days of Plaintiff's receipt of the said notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under applicable law.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Secs. 1331, 1337 and 1343, 28 U.S.C. Secs. 2201 and 2202; by 42 U.S.C. Secs. 2000e-5(f) and g, and by 29 U.S.C. §626 and under the Fair Labor Standards Act of 1938, 52 Stat. 1060; 29 U.S.C. Sec. 201 et seq., as amended by the Equal Pay Act, 77 Stat. 56; 29 U.S.C. Sec. 206(d). This Court has supplemental jurisdiction over Plaintiff's City law claims.

6. As the unlawful employment practices complained of herein occurred, and defendant Continental Casualty Company regularly does business, within the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. Secs. 1391(b) and 1392 and 42 U.S.C. Sec. 2000e-5(f)(3).

## PARTIES

7.      Plaintiff Jill Tellez (variously "Plaintiff" or "Tellez") at all times material hereto was a female and an employee of CNA.

8.      On information and belief Continental Casualty Company (variously "CNA" or "defendant") is, and at all times material hereto was, a domestic corporation duly established and existing under and by virtue of the laws of the United States and/or a state or political subdivision thereof, and authorized to do business in the State of New York. Defendant's home office is in Chicago, Illinois. At all times material hereto CNA was, and is, doing business in New York City, <u>inter alia</u>, from offices at 40 Wall Street, New York, New York.

9.      Defendant was originally identified in the Charge of Discrimination filed with the EEOC as CNA Insurance Co. Defendant, in its response to the EEOC, acknowledged that CNA Insurance Co was a "service mark used by a group of commonly owned insurance companies, one of which was [Continental Casualty Company], which was the Complainant's employer and the proper Respondent in this case."

10.     Defendant CNA is an employer within the meaning of Title VII, the Equal Pay Act, and the Administrative Code.

## FACTUAL ALLEGATIONS

11.     The Plaintiff was hired in December 2002 to be an Assistant Vice President for CNA at a base salary of $150,000. She was told that she would be promoted to the

position of Vice President and given a salary increase of $15,000 in or about March 2004. She was to work from her home in Wisconsin and to travel to New York as needed.

12.     In or about September 2003 Plaintiff became an interim MPL group manager.

13.     Thereafter, it was decided that Plaintiff would become permanent in the position and that she would relocate to New York in order to rebuild the team there. Plaintiff was told that her salary would be increased to $165,000 effective November 1, that she had to be in New York by January 1, and that she could expect to be promoted to the title of Vice President in March 2004 at which time her salary would be bumped to $190,000-$200,000 per year. Plaintiff was also to be given various other benefits in connection with her relocation and Defendant's custom.

14.     In January 2005 Plaintiff moved to Manhattan and continued her efforts on behalf of Defendant. Shortly thereafter she was advised by her superior that she could not count on being promoted as originally promised. Things went down hill from there and in September 2004 Plaintiff filed a Charge of Discrimination against CNA. The matter was intended to have been resolved in November 2004 upon the execution of a Settlement Agreement in exchange for a monetary payment by Defendant to Plaintiff.

15.     The funds paid to Plaintiff were an advance of funds already owed Plaintiff in connection with her relocation to New York. At the time same were accepted by Plaintiff her house was in foreclosure because a promised raise had not been paid by

Defendant.

16.     In December 2004 Plaintiff applied for a Vice President position working out of Defendant's Chicago office. After going through five interviews Plaintiff was told that she did not have the qualifications Defendant was looking for. She was specifically told that Defendant wanted someone who had previously managed a property/casualty underwriting unit, preferable regarding technology business, and someone who had marketplace credibility in doing so.

17.     Plaintiff had the experience Defendant said it wanted.

18.     In response to her request, Plaintiff was told in March 2005 that she would not be promoted to be a Vice President in her then current position and no reason was given to her.

19.     In April 2005 Defendant hired an individual for the Vice President job in Chicago that Plaintiff had previously applied for. Unlike Plaintiff, the individual who was hired had no previous property/casualty underwriting management experience and did not have good marketplace credibility.

20.     Plaintiff resigned in May 2005 because of her belief that she had been constructively terminated. Defendant made clear to Plaintiff that she would not be promoted, that Defendant would continue to demean and humiliate her, and that it had no desire for her to remain in its employ.

21.     But for its discriminatory, and retaliatory, and other hostile actions of

Defendant, Plaintiff would not have stopped working for Defendant.

22. At all times while employed by Defendant she was paid less than men doing comparable work and she was denied promotions in favor of men because she is a woman.

23. Defendant retaliated against Plaintiff because of her earlier charge of discrimination against it and because she opposed its policy, as applied to her, of preferring men over woman.

24. At all times Plaintiff duly and competently performed all of her duties. To the extent there were any shortcomings in her performance same were caused by Defendant's refusal to give her the same support it afforded to men operating in comparable positions.

25. Inter alia, CNA demeaned Plaintiff by saying she was not qualified for the Chicago position and then embarrassed and humiliated Plaintiff when, without cause or justification therefor, it gave the position she wanted to someone who did not possess the qualities that Plaintiff had and which CNA said she lacked.

26. On information and belief CNA has not promulgated and/or has not disseminated and/or has not implemented an effective policy against sex and/or pay discrimination.

27. On information and belief CNA has not implemented an effective preventive training or other program to avoid its employees falling victim to sex and/or

pay discrimination.

28. By virtue of Defendant's actions Plaintiff has become ill and emotionally upset. She has suffered diminished wages, loss of self esteem, and her professional reputation has been damaged. CNA's subsequent and/or continued actions and failures to act have exacerbated plaintiff's injuries.

### FIRST CAUSE OF ACTION: TITLE VII

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth herein.

30. Defendant CNA discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of Title VII.

31. In taking the above-described discriminatory actions, CNA acted intentionally, with malice and reckless indifference to Plaintiff's rights under Title VII.

32. As a result of CNA's discriminatory and retaliatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

### SECOND CAUSE OF ACTION: ADMINISTRATIVE CODE

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

34.     Defendant CNA discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of the Administrative Code.

35.     In taking the above-described discriminatory and retaliatory actions, defendant CNA acted with malice and reckless indifference to Plaintiff's rights under the Administrative Code.

36.     As a result of the CNA's discriminatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and other compensable damage.

### THIRD CAUSE OF ACTION: EQUAL PAY ACT

37.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth herein.

38.     Defendant CNA discriminated and retaliated against Plaintiff in the pay given her for her employment on the basis of her sex, in violation of the Equal Pay Act.

39.     In taking the above-described discriminatory actions, CNA acted intentionally, with malice and reckless indifference to Plaintiff's rights under the Equal Pay Act.

40.     As a result of CNA's discriminatory and retaliatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other

compensable injuries.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment:

a) declaring the acts and practices complained of herein to be violations of Title VII, the Equal Pay Act, and the Administrative Code;

b) enjoining and permanently restraining these violations of Title VII, the Equal Pay Act, and the Administrative Code;

c) directing defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) directing defendant CNA to develop and implement, under the supervision of this Court, an effective policy to prevent sex, and pay discrimination;

e) directing defendant to pay Plaintiff back pay, front pay, benefits, compensatory and punitive damages;

f) directing defendant to pay Plaintiff an amount equal to the difference between the wages and benefits she actually received and the wages and benefits paid to male employees performing equal work, with interest thereon, together with an equal amount as liquidated damages;

g) awarding Plaintiff the costs of this action, together with reasonable attorney's fees; and

h)  granting Plaintiff such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:   New York, New York
         December 26, 2006

_____
ARNOLD H. PEDOWITZ (AP-1382)
Pedowitz & Meister, LLP
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7321